UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KELVIN ARIEL CALDERON
HERNANDEZ,
    Petitioner,

v().                                   CIVIL ACTION NO. 23-11330-MPK[1]

WARDEN FMC DEVENS,
    Respondent.

MEMORANDUM AND ORDER ON
RESPONDENT'S MOTION TO DISMISS PETITION FOR
WRIT OF HABEAS CORPUS (#8)

KELLEY, U.S.M.J.

Kelvin Ariel Calderon Hernandez seeks, on an emergency basis, a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that the Bureau of Prisons ("BOP") has wrongly determined that he is ineligible to apply time credits that he has earned under the First Step Act ("FSA") toward supervised release, *see* 18 U.S.C. § 3632(d)(4)(C). (#1.) Respondent, Warden of the Federal Medical Center ("FMC") in Devens, moved to dismiss the § 2241 petition under Fed. R. Civ. P. 12(b)(6). Respondent argues that petitioner failed to exhaust his administrative remedies, and, regardless, the BOP has correctly determined that petitioner is ineligible to apply FSA time credits because he is the subject of a final order of removal, *see* 18 U.S.C. § 3632(d)(4)(E). (##8, 9.) For the reasons set forth below, the court allows respondent's motion, and dismisses the petition.

---

[1] The parties have consented to proceeding before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (#10.)

I.       Background.

Petitioner is an inmate at FMC-Devens, serving a 78-month sentence of imprisonment upon his guilty plea to conspiracy to possess with intent to distribute five or more kilograms of a controlled substance, in violation of 21 U.S.C. § 841(a)(1). *United States v. Calderon Hernandez*, United States District Court for the Southern District of Florida, Docket No. 19-cr-20134-RKA, ECF Nos. 19-20, 32; *see* #9-1 at 1 (¶ 5).[2] The parties agree that the BOP currently calculates petitioner's release date as September 7, 2024, *see* #1 at 1; #9 at 4, which includes good time conduct pursuant to 18 U.S.C. § 3624(b), *see* #9-1 at 1 (¶ 5).

Petitioner filed the "Emergency" § 2241 petition on June 13, 2023. (#1.) In the petition, he argues that "attempting" to exhaust his administrative remedies would be "futile," implying that he had not yet started the administrative remedy process. *Id*. at 1. On the merits, he argues that he has earned an unspecified "substantial" amount of time credit by successfully completing evidence-based recidivism reduction programming and productive activities, *see id*. at 1, 2, and that the BOP has wrongly determined that he is ineligible to apply FSA time credits toward supervised release because although he is the subject of an ICE detainer, he is not the subject of a final order of removal, *see id*. at 1, 2-4.

On the same date that the § 2241 petition was filed, the court ordered that the petition be served on respondent, setting a deadline of July 5, 2023 for any motion to grant or deny the petition. (#4 at 1.)

---

[2] Respondent submits this declaration of John Hay, Supervisory Correctional Systems Supervisor ("SCSS") for the BOP at FMC Devens, as well as a declaration of Keith Chan, Assistant Field Office Director with Immigration and Customs Enforcement ("ICE") (#9-2.) Both declarations include exhibits.

2

On July 5, 2023, respondent filed this Fed. R. Civ. P. 12(b)(6) motion to dismiss the § 2241 petition. (#8.) As noted above, respondent argues that petitioner failed to exhaust his administrative remedies, *see* #9 at 6-7, and that he is ineligible to apply FSA time credits because he is, in fact, the subject of a final order of removal, *see id*. at 7-8.

In his declaration, dated July 5, 2023, SCSS Hay attests that a search of BOP records revealed that petitioner had previously pursued administrative remedies regarding a disciplinary infraction but had not pursued administrative remedies regarding the accuracy of BOP's records indicating a final order of deportation or its impact on his FSA eligibility. (#9-1 at 3 (¶ 14)).

In his declaration, dated June 30, 2023, Assistant Director Chan attests that a search of ICE records revealed that Kelvin Ariel Calderon-Hernandez was ordered removed from the United States on June 5, 2023, *see* #9-2 at 1 (¶¶ 2, 4), attaching to his declaration a "Final Administrative Removal Order," *see* #9-2 at 4, which, to Assistant Director Chan's knowledge, remains in full effect, *see* #9-2 at 1 (¶ 4). It appears that the Final Administrative Removal Order was not served on petitioner until June 30, 2023, *see* #9-2 at 4, roughly two weeks after he filed the § 2241 petition, but roughly two months before he filed the letter, discussed below.

Petitioner did not timely file an opposition to respondent's motion to dismiss the § 2241 petition. Rather, on August 20, 2023, he wrote a letter to the court seeking a status update from the court. (#11 at 2.) In the letter, petitioner makes clear that he received the motion to dismiss and addresses respondent's exhaustion argument by stating that he "submitted the first grievance in the process." He asks that "that the court, in good faith, allow the" petition "to still proceed," while he exhausts his administrative remedies, "fruitless as it may be." *Id*.

In the letter, petitioner does not address respondent's argument on the merits, *see id*., and thus does not address the Final Administrative Removal Order.

3

II.       <u>Relevant Law</u>.

    A.       <u>Standard of Review</u>.

28 U.S.C. § 2241(c)(1) is available to prisoners who are "in custody under or by color of the authority of the United States." *Id*. A federal prisoner may bring a § 2241 petition to "attack the execution, rather than the validity" of his sentence. *United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999); *Dinkins v. Boncher*, #21-cv-11847-AK, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022). "Execution" includes such matters as the BOP's calculation of the release date. *See Dinkins*, 2022 WL 3011108, at *2 (quoting *Thornton v. Sabol*, 620 F. Supp. 2d 203, 206 (D. Mass. 2009); *see also Walsh v. Boncher*, --- F. Supp. 3d ---, #22-cv-11197-DLC, 2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023); *Levine v. U.S. Dept. of Fed. Bureau of Prisons*, #20-cv-11833-ADB, 2021 WL 681689, at *1 (D. Mass. Feb. 22, 2021).

Respondent has filed a pre-answer motion to dismiss the § 2241 petition. Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions. *Walsh*, 2023 WL 363591, at *2; *see also* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Judges in this district have considered pre-answer motions to dismiss § 2241 petitions alleging a failure to exhaust administrative remedies under Fed. R. Civ. P. 12(b)(6). *See, e.g.*, *Walsh*, 2023 WL 363591, at *2; *see also, e.g.*, *Levine*, 2021 WL 681689, at *1-2; *Cook v. Spaulding*, 433 F. Supp. 3d 54, 56-57 (D. Mass. 2020).

Generally, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Walsh*, 2023 WL 363591, at *2 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Levine*, 2021 WL 681689, at *2; *Cook*,

4

433 F. Supp. 3d at 55. A court accepts as true all well-pleaded facts and draws all reasonable inferences in a plaintiff's favor. *Levine*, 2021 WL 681689, at *2; *see Cook*, 433 F. Supp. 3d at 55. A pro se complaint is construed liberally. *Levine*, 2021 WL 681689, at *2; *see Cook*, 433 F. Supp. 3d at 55.

Review of a Rule 12(b)(6) motion to dismiss is generally confined to the complaint and documents expressly incorporated in the complaint; "[t]here is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" *Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). Judges in this district have considered declarations by BOP officials regarding the pursuit of administrative remedies where the facts, and authenticity of the underlying records, are not in dispute. *Nygren v. Boncher*, 578 F. Supp. 3d 146, 149 n.1 (D. Mass. 2021); *see Walsh*, 2023 WL 363591, at *2, 4.

The court considers SCSS Hay's declaration and exhibits pertaining to the pursuit of administrative remedies because petitioner has not challenged the authenticity of the underlying records and the pertinent fact to be drawn from the declaration – before filing the § 2241 petition, petitioner had not yet started the administrative remedy process, *see* #9-1 at 3 (¶ 14) – is not disputed. Petitioner effectively admitted as much in the § 2241 petition, *see* #1 at 1, and suggests in the August 20, 2023 letter that he only started the process given respondent's exhaustion argument, *see* #11 at 2.

        2.    <u>First Step Act</u>.

Under the FSA, eligible prisoners earn time credits by successfully completing evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A).

5

Earned time credits "shall" be applied toward prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C).

Prisoners convicted of specified crimes are ineligible to "<u>receive</u>" FSA time credits. *Gonzalez-Garcia v. FCI Berlin, Warden*, #23-cv-0091-SM, 2023 WL 3020872, at *2 (D. N.H. April 20, 2023) (emphasis in original); *see* 18 U.S.C. § 3632(d)(4)(D) ("A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law. . .").

Prisoners who are "the subject[s] of [] final order[s] of removal" are ineligible to "<u>apply</u>" FSA time credits toward prerelease custody or supervised release. *Gonzalez-Garcia*, 2023 WL 3020872, at *2 (emphasis in original). 18 U.S.C. § 3632(d)(4)(E)(i) states:

> A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17)).

18 U.S.C. § 3632(d)(4)(E)(i); *see* 28 C.F.R. §523.44(a)(2) ("For any inmate eligible to earn FSA Time Credits under this subpart who is. . .[s]ubject to a final order of removal under immigration laws as defined in 8 U.S.C. 1101(a)(17) (see 18 U.S.C. 3632(d)(4)(E)), the Bureau may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release");[3] *see, e.g.*, *Albarran v. Boncher*, #22-cv-11777-NMG, 2023 WL 3435553, at *2 (D. Mass. May 11, 2023) (dismissing § 2241 petition; BOP initially refused to apply FSA time credits because prisoner was

---

[3] 8 U.S.C. § 1101(a)(17) defines "immigrations laws" to "include[] this chapter and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens." *Id*.

subject to ICE detainer, but final order of removal was subsequently reinstated, thus, prisoner was ineligible to apply FSA time credits).[4]

                3.        Exhaustion of Administrative Remedies.

Under federal common law, a prisoner must exhaust his administrative remedies before filing a § 2241 petition challenging BOP's calculation of his release date, including the determination that he is ineligible to apply FSA time credits toward prerelease custody or supervised release, and failure to exhaust administrative remedies may result in dismissal. *Colorado-Cuero v. Warden, FCI Berlin*, #23-cv-295-JL, 2023 WL 4565472, at *1 (D. N.H. June 8, 2023) (Johnstone, M.J.), *report and recommendation approved without objection*, 2023 WL 4564379, at *1 (D. N.H. July 17, 2023); *see Walsh*, 2023 WL 363591, at *5; *Nygren*, 578 F. Supp. 3d at 151-152; *see also Rogers v. United States*, 180 F.3d 349, 357-358 (1st Cir. 1999). This requirement serves the purposes of promoting judicial efficiency and protecting administrative agency authority. *Colorado-Cuero*, 2023 WL 4565472, at *1 (citing, *inter alia*, *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)); *see generally Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 175 (1st Cir. 2016).

To exhaust administrative remedies, a prisoner must follow four steps. First, he must seek to informally resolve the complaint with staff. 28 C.F.R. §542.13(a). Second, if no informal resolution is reached, he must submit an administrative remedy request to the Warden, through a "BP-9" form, within twenty days of the events giving rise to the complaint. 28 C.F.R. §542.14(a). Third, if dissatisfied by the Warden's response to the BP-9 form, he must submit an appeal to the

---

[4] On February 6, 2023, the BOP amended its procedures for implementing the FSA by, *inter alia*, removing language from the prior procedures that precluded application of time credits toward prerelease custody or supervised release if prisoners were the subject of ICE detainers, rather than final orders of removal. *Bello-Arias v. Warden, FCI Berlin*, #23-cv-079-SM, 2023 WL 3043271, at *2 (D. N.H. April 21, 2023); *see Albarran*, 2023 WL 4345553, at *2.

7

Regional Director, through a "BP-10" form, within twenty days of the Warden's response to the BP-9 form. 28 C.F.R. §542.15(a). Fourth, if dissatisfied by the Regional Director's response to the BP-10 form, he must submit an appeal to the BOP's Office of the General Counsel, through a "BP-11" form, within thirty days of the Regional Director's response to the BP-10 form. *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*; *see Nygren*, 578 F. Supp. 3d at 152; *see also Darling v. Boncher*, --- F. Supp. 3d ---, #22-cv-11664-JGD, 2023 WL 319861, at *1 (D. Mass. Jan. 19, 2023) ("Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issue on the merits)") (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original) (further citation omitted)).

Courts recognize exceptions to the federal common law administrative exhaustion requirement, including where exhaustion would be futile or inadequate to prevent irreparable harm. *Colorado-Cuero*, 2023 WL 4565472, at *2 (citing, *inter alia*, *Williams v. Willis*, 765 Fed.Appx. 83, 83-84 (5th Cir. 2019) (per curiam) (unpublished); *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010)); *see Rodriguez-Rosa v. Spauling*, #19-cv-11984-MBB, 2020 WL 2543239, at *10 (D. Mass. May 19, 2020); *see also Walsh*, 2023 WL 363591 at *5; *Nygren*, 578 F. Supp. 3d at 152. The prisoner bears the burden of showing that an exception applies. *Colorado-Cuero*, 2023 WL 4565472, at *2; *see Williams*, 765 Fed.Appx. at 83-84.[5]

---

[5] Judges in this district have also observed that there is "some support" for the proposition that a petitioner may be excused from exhausting his administrative remedies if he can make a showing of "cause and prejudice," where "cause" means that there were legitimate circumstances beyond his control which precluded him from fully pursuing his administrative remedies. *Nygren*, 578 F. Supp. 3d at 152. Petitioner argues "futility" and has not shown that legitimate circumstances beyond his control precluded him from fully pursuing his administrative remedies. *See* ##1, 11.

In this case, petitioner relies on authority holding that, where a § 2241 petition presents a dispute of statutory construction, the federal common law administrative exhaustion requirement is waived. *Goodman v. Ortiz*, #20-cv-7582-RMB, 2020 WL 5015613, at *3 (D. N.J. Aug. 25, 2020) (citing *Coleman v. U.S. Parole Comm'n*, 644 Fed.Appx. 159, 162 (3d Cir. 2016) (per curiam) (unpublished)); *see Hare v. Ortiz*, #20-cv-14093-RMB, 2021 WL 391280, at *3 (D. N.J. Feb. 4, 2021).[6] Where the § 2241 petition presents factual disputes, however, courts have rejected reliance on that authority. *See, e.g., Nygren*, 578 F. Supp. 3d at 153-154. Moreover, courts have held that disputes as to whether prisoners are, in fact, subject to final orders of removal are factual. *See, e.g., Garcia v. Knight*, #23-cv-2789-KMW, 2023 WL 4045087, at *2 (D. N.J. June 16, 2023) ("The issue at the heart of Petitioner's challenge, then, is factual – whether he is in fact subject to a final order of removal as stated by the BOP to Petitioner, or whether Petitioner is correct that no such order has yet been entered"); *Loredo-Cortez v. Warden of FCI Ft. Dix.*, #22-cv-7598, 2023 WL 3727888, at *1 (D. N.J. May 30, 2023) ("Because Petitioner did not attempt to exhaust his claims, because the parties agree on the central legal issue at play – that an undocumented person is only barred from receiving credits if he has a final order of removal, and because the central issue on which the parties disagree in this matter is factual, the BOP is well positioned to evaluate and resolve the factual issue at hand, this Court perceives no basis for the excuse of the exhaustion requirement here").

III.   Discussion.

There is no question that petitioner failed to exhaust his administrative remedies. *See* #9-1 at 3 (¶ 14); *see also* #1 at 1. Although petitioner has now started the administrative remedy process,

---

[6] *See* #1 at 1 n.1 (citing *Moody v. Gubbiotti*, #21-cv-12004-RMB, 2022 WL 4976308, at *2 n.3 (D.N.J. Oct. 3, 2022)).

9

*see* #11 at 2, as far as the court is aware, the process is not complete. The court has not been informed that the Warden has responded to the "BP-9" form or that petitioner has followed the next three steps.

As respondent points out, *see* #9 at 7 n.2, the § 2241 petition does not seem to present an issue of statutory construction, accordingly, petitioner's reliance on authority holding that the federal common law administrative exhaustion requirement is waived in such circumstances is misplaced. Petitioner does not argue that if he is "the subject of a final order or removal under any provision of the immigration laws," he is nevertheless eligible to apply FSA time credits toward supervised release. Nor could he. If petitioner is "the subject of a final order of removal under any provision of the immigration laws," he is plainly ineligible to apply FSA time credits toward supervised release. 18 U.S.C. § 3632(d)(4)(E)(i); *see Albarran*, 2023 WL 3435553, at *3 ("unambiguous" terms were dispositive where respondent presented evidence that final order of removal had subsequently been reinstated).

Rather, the § 2241 petition, filed before petitioner was served with the Final Administrative Removal Order, presents a factual dispute, namely whether petitioner is "the subject of a final order of removal under any provision of the immigration laws." *Garcia*, 2023 WL 4045087, at *2.

Respondent urges the court to consider its evidence that petitioner is the subject of a final order of removal and to dismiss the § 2241 petition, presumably with prejudice, on the merits.[7] (#9 at 7-8); *see Albarran*, 2023 WL 3435553, at *3. Although it notes that petitioner did not address

---

[7] The § 2241 petition, while it was filed before petitioner was served with the Final Administrative Removal Order, was filed after the BOP amended its procedures to remove language that precluded application of FSA time credits where prisoners were the subject of ICE detainers. Petitioner's "futility" argument, apparently based on the BOP's pre-February 6, 2023 procedures, would have been a non-starter even if respondent had not presented such evidence. *Colorado-Cuero*, 2023 WL 4565472, at *2.

the Final Administrative Removal Order in his August 20, 2023 letter, *see* #11, the court will dismiss, without prejudice, for failure to exhaust administrative remedies, permitting the BOP an opportunity to resolve the factual dispute in the first instance. *Compare Loredo-Cortez*, 2023 WL 3727888, at *1-2 (dismissing § 2241 petition, without prejudice, for failure to exhaust administrative remedies where petitioner argued that "expedited" order of removal was not "truly final").

The court notes that petitioner has not squarely requested a stay. Instead, in the August 20, 2023 letter, he asks that the case "still proceed" as he pursues administrative remedies and that the court provide him a "timeline" for its review of the "Emergency" § 2241 petition. (#11 at 2.) Given respondent's proffer of the Final Administrative Removal Order, a stay is not warranted. *Compare Crenshaw v. Maldonado*, #22-cv-02009-SHR, 2023 WL 4482336, at *2 (M.D. Pa. June 15, 2023) (declining petitioner's explicit "request for a stay because the underlying jail-credit claim appears to be meritless"). Petitioner may pursue his administrative remedies and if, after fully exhausting them, he maintains that the BOP has wrongly determined that he is ineligible to apply FSA time credits toward supervised release, then he may file another § 2241 petition.

IV.  Conclusion.

For the reasons set forth above, the court allows (#8) respondent's motion to dismiss and denies (#1) the § 2241 petition. Separate order of dismissal, without prejudice, to issue.

September 12, 2023                              /s/ M. Page Kelley
                                                M. Page Kelley
                                                United States Magistrate Judge